| | |
|---|---|
| RONNIE L. SCOTT<br>CLAUDETTE SCOTT as administrators<br>of the Estate of NAJEE MANDELA SCOTT | CIVIL ACTION NO: 08-<br><br>U.S. DISTRICT COURT |
| VERSUS | M.D. OF LOUISIANA |
| LIVINGSTON PARISH SCHOOL BOARD;<br>RANDY POPE,<br>SUPERINTENDENT OF LIVINGSTON PARISH SCHOOL BD.;<br>PAUL PASTOREK, SUPERINTENDENT<br>LOUISIANA DEPARTMENT OF EDUCATION<br>STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION | JUDGE<br><br>MAGISTRATE |

**EXPARTE MOTION FOR TEMPORARY RESTRAINING ORDER
ISSUANCE WITHOUT NOTICE
AND MOTION FOR RULE TO SHOW CAUSE
WHY PRELIMINARY INJUNCTION
SHOULD NOT ISSUE HEREIN**

Now into Court through undersigned counsel come Petitioners, Mr. Ronnie Scott, and Ms. Claudette Scott, as the administrators of the Estate of Najee Mandela Scott, a minor, who respectfully represent that the Livingston Parish School Board and Mr. Pope, Superintendent, have policies in place that violate state educational laws and the Louisiana Department of Education and Mr. Paul Pastorek, Superintendent, have a statutory and constitutional duty to enforce such policies, but they have refused to do so, who pursuant to FRCP 65 (a)(b), respectfully represents as follows:

1.

JURISDICTION

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1331 "Federal Question" accordingly plaintiff specifically seeks relief pursuant to the 28 USC § 1983, the Constitution of the United States for injuries, damages and other losses.

2.

VENUE

Venue is proper pursuant to 28 USC § 1391 (b)(1)(2) in that at least one defendant, resides in Livingston Parish and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

1

3.

The Louisiana Constitution Preamble provides as follows:

The goal of the public educational system is to provide learning environments and experiences, at all stages of human development, that are humane, just, and designed to promote excellence in order **that every individual may be afforded an equal opportunity to develop to his full potential.** [emphasis added]

4.

The LPSB has expelled Mr. Scott and is denying him any right to attend the Livingston Parish School System prior to any final determination or a hearing on the expulsion.

5.

Parents are charged with sending children to school.

La. R.S. 17:221

**Every parent, tutor, or other person residing within the state of Louisiana, having control or charge of any child from that child's seventh birthday until his eighteenth birthday, shall send such child to a public or private day school,** unless the child graduates from high school prior to his eighteenth birthday. Any child below the age of seven who legally enrolls in school shall also be subject to the provisions of this Subpart. Every parent, tutor, or other person responsible for sending a child to a public or private day school under provisions of this Subpart shall also assure the attendance of such child in regularly assigned classes during regular school hours established by the school board.

On February 18, 2008, Najee M. Scott was expelled from the Livingston Parish School System for alleged misconduct. He was not consulted or provided any opportunity for explanation prior to the expulsion from school. He was not given a hearing prior to expulsion and has been out of school since February 18, 2008.

6.

On February 22, 2008, Mr. Scott appeared at a scheduled hearing and was met by a hearing officer, who merely takes a taped statement. He was not allowed assistance of counsel. He was not allowed to see evidence against him.

7.

The Scotts were advised by the Hearing Officer that the LPSB did not have evidence against Najee Scott at the time of the hearing, but hoped that they would obtain same soon from the Denham Springs Police.

8.

The Hearing Officer advised that the LPSB had not received a police report from the alleged simple possession charge made against Najee Scott that same day.

9.

The LPSB had no statements against Najee Scott.

10.

No decision maker was present at the hearing and instead a tape recording was made for later review by the Superintendent, Mr. Randy Pope.

11.

A tape recorded statement does not constitute a hearing.

12.

On February 20, 2008, Mr. Scott, through his parents requested Alternative Education during his expulsion from the LPSB.

13.

On February 22, 2008, Mr. Scott, through the undersigned, requested Alternative Education from Department of Education, Board of Elementary and Secondary Education.

14.

On February 22, 2008, Mr. Scott through the undersigned requested Alternative Education from the LPSB and was informed that it had a valid waiver from providing Alternative Education and that the LPSB would not allow him to attend any Alternative Education during the period of time prior to any final decision on his expulsion.

15.

On February 22 and 25, 2008, Mr. Scott through the undersigned requested Alternative Education from Mr. Paul Pastorek, Superintendent of Education, Louisiana Department of Education to which no response has been received.

16.

On February 27, 2008, Mr. Scott, through the undersigned, filed this Petition before this Court seeking a declaration that he is entitled to Alternative Education and/or that he should remain in the LPSB system until the final disposition on the hearing concerning his expulsion.

17.

Mr. Scott is an honor roll/banner roll student and an active athlete. He served as point guard and captain of his basketball team and stands to graduate this semester. Absence from school will affect his ability to graduate.

18.

Mr. Scott has a good reputation and is a good student. Expulsion for 24 months will seriously damage the students' standing with fellow pupils and teachers and interfere with his later opportunities for higher education and employment.

19.

LSA R.S. 17:416.2 provides in pertinent part as follows:

> [A]ny student suspended or expelled from school pursuant to the provisions of R.S. 17:416 shall remain under the supervision of the governing authority of the school system taking such action using alternative education programs for suspended and expelled students approved by the State Board of Elementary and Secondary Education . . .
>
> The State Board of Elementary and Secondary Education shall adopt the necessary rules and regulations to provide for the implementation of the provisions of this Section.

20.

The BESE has failed to monitor and supervise the LPSB, which has resulted in a failure to comply with State Law.

21.

BESE has granted the LPSB a waiver for the 2007-2008 school year from providing Alternative Education.

22.

The duty to provide Alternative Education falls to BESE.

23.

On February 18, 2008, another student who rode to school as a passenger with Mr. Scott was caught dispensing tylenol at school.

24.

Mr. Scott is not the owner, but one of many users of the vehicle that he uses and drives to school.

25.

The previous owner of the vehicle is now incarcerated for murder and was an alleged drug user.

26.

Just over the Christmas Holidays, another individual was in the same car and caught, by a Denham Springs Police Officer, in the back seat of the parked car hiding a bag of Marijuana under the passenger seat. No charges were filed. Mr. Scott was not in the car at the time of this occurrence. That police officer has offered to share such information with the arresting officer in this case.

27.

School Officials and a police officer called Mr. Scott to the office and demanded to search his car because the other student rode to school with him that day. The entire

vehicle was searched including the carpet in the back seat, even though the officials were allegedly searching for pills.

28.

One stem of what a Police Officer announced that he determined was in fact Marijuana was gleaned from the carpet of the back seat passenger side of the car.

29.

Mr. Scott as a student athlete has consented to random drug searches of his person; yet, school officials never asked for a drug test.

30.

The LPSB's drug policy for athletes will not allow it to expel or suspend a student athlete that is found positive of drugs during a random test.

31.

Mr. Scott's father drug tested him and Mr. Scott was negative.

32.

There was no reasonable basis for a school official to believe that Mr. Scott was using/possessing a scheduled narcotic.

33.

Mr. Scott was brought to the office and made to sit for some time. He was not allowed an opportunity for explanation and was confused.

34.

He was told he was expelled and given an expulsion notice. The cause cited for expulsion is use/possession of a controlled substance.

35.

After the expulsion took place, Mr. Scott's parents were later contacted.

36.

Mr. Ronnie Scott went to the School and was shown the alleged marijuana stem that

was gleaned from the carpet in the back seat passenger side of the vehicle and he believes that stem may have been from grass or leaves from the ground, because that is what it looked like.

37.

There was no investigation prior to commencing expulsion procedures.

38.

The Principal never discussed the case with the student.

39.

The expulsion notice was not signed by the Principal and instead bore a stamp signature and represented that the Principal recommended a 24 month expulsion.

40.

There is no indication that the Principal made a decision to recommend and to initiate expulsion proceedings. Mr. Scott never saw or spoke to the Principal prior to the expulsion.

41.

There was no emergency. Mr. Scott did not initiate or participate in any conduct to disrupt the academic atmosphere of the school, endanger fellow students, teachers or school officials, or damage any property.

42.

The LPSB met on February 21, 2008, and is not scheduled to meet until March 6, 2008.

43.

A hearing was set on February 22, 2008, before a hearing officer, who merely takes a taped statement and provides same to the Superintendent Randy Pope.

7

44.

Mr. Pope has not made a decision in the matter and is under no time constraint to do so.

45.

Missing ten or more days per semester will cause a student to fail for failure to meet minimal mandatory attendance requirements.

46.

Even if attendance is somehow reinstated, Mr. Scott is presently being denied public education, a property and liberty right.

47.

Within ten days from any adverse decision by the Superintendent, a student has a right of review/appeal by the LPSB, which renders a final decision.

48.

The LPSB allows a full hearing before the Board and may reinstate the student following the hearing.

49.

The procedure adopted by the LPSB does not guarantee prompt action and the LPSB immediately removed a child recommended for expulsion prior to any hearing.

50.

The LPSB has a policy that expulsion supersedes promotion; thus, either way, in the absence of Alternative Education or absenteeism will cause Mr. Scott to fail the grade and have to repeat the grade, but only after the 24 months has run, which is tantamount to a three year loss of education.

51.

Mr. Scott has not been determined to present any danger to himself or others and there is no cause to remove him from a formal school setting.

52.

Action is necessary by this Court to declare as follows:

a. that the LPSB cannot remove a student from a formal school setting prior to a due process hearing and final disposition on the disciplinary matter.

b. in the alternative, if the LPSB may remove the student prior to a due process hearing and formal disposition, Mr. Scott is entitled to Alternative Education, immediately and that his right to such vested at the time that he was removed from school.

c. where BESE has granted a waiver to the LPSB from providing Alternative Education, the duty to educate falls to BESE which must immediately provide Alterative Education to Mr. Scott.

53.

Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729 (1975), found that "there are minimum requirements of notice and a hearing prior to suspension, except in emergency situations" and that relevant case authority would permit the following:

a. permit immediate removal of a student whose conduct disrupts the academic atmosphere of the school, endangers fellow students, teachers or school officials, or damages property;

b. require notice of suspension proceedings to be sent to the students' parents within 24 hours of the decision to conduct them;

c. require a hearing to be held, with the student present, within 72 hours of his removal;

d. that the hearing required that statements in support of the charge be produced;

e.  that the student and others be permitted to make statements in defense or mitigation; and

f.  that the school need not permit attendance by counsel.

54.

Taking a tape recorded statement four days later to be heard at yet a later date and time by a Superintendent, at his leisure and convenience, and if he so chooses to listen to the tape, does not constitute a due process hearing.

55.

Expulsion proceedings for a 24 month expulsion require a greater level of due process than the suspension proceedings and may require more "formal procedures" including, the following, additional degree of due process:

a.  opportunity to secure counsel;

b.  opportunity to confront and cross-examine witnesses supporting the charge; and

c.  call his/her own witnesses to verify his version of the incident. Goss, supra, 419 U.S. at 583-584, 95 S.Ct. at 740.

discussed in Goss.

56.

"'[E]ducation is perhaps the most important function of state and local governments,' Brown v. Board of Education, 347 U.S. 483, 493, 74 S.Ct. 686, 692, 92 L.Ed. 873 (1954), and the total exclusion form the educational process for more than a trivial period, and certainly if the suspension is for 10 days, is a serious event in the life of the suspended child.

57.

Mr. Scott is suffering irreparable harm.

10

58.

For the good cause stated above, no bond or security should be required and security should be waived.

59.

Petitioners further pray for costs and attorney fees as allowed by law and pursuant to 42 USC § 1985, et seq.

WHEREFORE, petitioners seek a temporary mandatory injunction and pray for a permanent injunction and request a temporary restraining order be issued without bond or security against the Livingston Parish School Board, Superintendent Randy Pope, the Board of Elementary and Secondary Education, Department of Education for the State of Louisiana, and Superintendent Paul Pastorek their agents, servants, employees, attorneys, and any other person who or which may act at the discretion or direction of any defendant herein, including those persons in active concert and participating with any defendant herein to cease and desist and to further refrain from denying Mr. Najee Scott a public education and to enter a mandatory injunction requiring that the Defendants do the following and that this Court declare the following:

Declare and mandate that Najee Scott was immediately entitled to Alternative Education at the time he was removed from the LPSB system;

Declare and mandate that Najee Scott shall remain in the LPSB system attending his regular courses until the final disposition on the hearing on the hearing before the LPSB concerning his expulsion;

Declare and mandate that if expelled, Najee Scott is entitled to Alternative Education from the State of Louisiana, Department of Education, which granted the waiver to the

LPSB from providing Alternative Education during the 2007-2008 school year.

               Respectfully submitted:

               s/Donna Grodner
               Donna U. Grodner, T.A. (20840)
               Charlotte C. McGehee (26411)
               GRODNER & ASSOCIATES
               2223 Quail Run, B-1
               Baton Rouge, Louisiana 70808
               (225) 769-1919 FAX 769-1997

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served via the courts electronic PACER except upon counsel indicated below which has been served by fax February 26, 2008.

               s/Donna Grodner
               Donna Grodner

E Service and FAX service
Counsel for Superintendent Randy Pope
Robert L. Hammonds
Hammonds & Sills

Livingston Parish School Board
Mr. Tom Jones
Celia R. Cangelosi

Winston G. DeCuir, Sr
DeCuir, Clark & Adams, LLP
732 North Blvd.
Baton Rouge, La 70802
225.346.8716 fax 336.1950

VERIFICATION

I hereby verify that I have given my consent to be a party plaintiff in the suit now brought against the defendants herein on my behalf. I further certify that I have read the complaint and I attest that the facts stated therein are true and correct to the best of my knowledge, recollection and understanding.

*Ronnie Scott*
Ronnie L. Scott

Sworn to and subscribed before me this 26th day of February, 2008, Baton Rouge, Louisiana.

_____
Notary Public,

Brenda Brooks Campbell
Notary Public #49020
Livingston Parish, Louisiana
MY COMM. EXP. WITH LIFE

13