UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONNIE L. SCOTT,                                                    CIVIL ACTION
CLAUDETTE SCOTT, as administrators
of the Estate of NAJEE MANDELA SCOTT

VERSUS

LIVINGSTON PARISH SCHOOL BOARD;
RANDY POPE, SUPERINTENDENT OF
LIVINGSTON PARISH SCHOOL BOARD;
PAUL PASTOREK, SUPERINTENDENT
LOUISIANA DEPARTMENT OF EDUCATION;
STATE BOARD OF ELEMENTARY AND SECONDARY
EDUCATION                                                           NO. 08-116-C

**RULING ON MOTION FOR
TEMPORARY RESTRAINING ORDER**

Before this Court is a "Motion for Temporary Restraining Order Issuance Without Notice and Motion for Rule to Show Cause Why Preliminary Injunction Should Not Issue Herein" filed by plaintiffs, Ronnie L. Scott and Claudette Scott as administrators of the Estate of Najee Mandela Scott. Named as defendants are the Livingston Parish School Board; Randy Pope, Superintendent of the Livingston Parish School Board; Paul Pastorek, Superintendent, Louisiana Department of Education; and the State Board of Elementary and Secondary Education. Plaintiffs seek an order, mandating that the defendants cease and desist and to further refrain from denying Najee Mandela Scott ("Scott") a public education. They also seek  a

Doc#1739

mandatory injunction, mandating and declaring: 1) that Scott was immediately entitled to Alternative Education at the time he was removed from the Livingston Parish school system; 2) that if expelled, Scott is entitled to Alternative Education from the State of Louisiana, Department of Education, which granted a waiver to the Livingston Parish School Board, waiving the board's obligation to provide Alternative Education during the 2007-2008 school year.

In their complaint, plaintiffs allege that on February 18, 2008, Scott was expelled from the Livingston Parish School System for alleged misconduct involving the use/possession of a controlled substance. They contend that Scott was not given a hearing prior to the expulsion and has been out of school since February 18, 2008.[1] Plaintiffs contend that on February 22, 2008, Scott appeared at a scheduled hearing and was met by a hearing officer, who merely took a taped statement.[2]

Plaintiffs contend that they have requested that Scott be provided with Alternative Education from the Louisiana Department of Education; the Board of Elementary and Secondary Education; and the Livingston Parish School Board, but they were informed by the Livingston Parish School Board that the board had a valid waiver from providing Alternative Education and that the board would not allow Scott to attend any Alternative Education during the period of time prior to any final decision on his expulsion.

---

[1] See Complaint, ¶ 5.

[2] Id. at ¶ 6.

Thereafter, plaintiffs filed this suit, seeking a temporary restraining order against the defendants.

In order to justify the issuance of a temporary restraining order, a plaintiff must show a likelihood of success on the merits, that there is a threat of irreparable injury, that the threatened injury outweighs any harm the injunction might cause the defendants, and that the injunction will not impair the public interest.[3]

The Due Process Clause prevents a state from depriving a person of life, liberty, or property without due process of law.[4]  In the case of **Goss v. Lopez,** 419 U.S. 565, 579, 95 S.Ct.729, 42 L.Ed.2d 752 (1975), the Supreme Court reviewed the issue of deprivation of access to education.  The Supreme Court held that a student has a property interest in receiving an education when a state creates a public school system and requires children to attend.[5]  The Court further found that this property interest may not be abridged by a pupil's suspension from school without some degree of procedural due process.[6]  The Supreme Court also cautioned that "suspensions or expulsions for the remainder of the school term, or permanently, may require more formal procedures."[7]

---

[3]  **Younger v. Harris**, 401 U.S. 37, 44-45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

[4] U.S. Const. amend XIV.

[5] **Goss,** 419 U.S. at 574.

[6] **Id.** at 579.

[7] Id. at 584.

Through LSA-R.S. 17:221(A), Louisiana has created a public school system, which requires that children attend school.  Therefore, plaintiffs and their son have a protectible property interest in his receiving an education.[8]

The Louisiana legislature has provided for student discipline in the public schools in LSA-R.S. 17:416.  Pursuant to LSA-R.S. 17:416(B)(1)(b)(I), a student possessing a Controlled Dangerous Substance must be suspended immediately and the principal must immediately recommend expulsion.  Following the principal's recommendation of expulsion, a hearing by the superintendent or his designee is mandatory.[9] Thereafter, "[u]pon conclusion of the hearing and upon a finding that a student is guilty of conduct warranting expulsion, the superintendent, or his designatee, shall determine whether such student shall be expelled from the school system or if other corrective or disciplinary action shall be taken."[10] Following a decision by the superintendent, the student's parents may appeal to the school board to review the action.[11]  If the parents are dissatisfied with the school board's ruling, the law provides for an appeal to the state district court of the parish in which the school is located.[12]

---

[8] See **Id.** at 574.

[9] See LSA-R.S. 17:416C(1).

[10] Id.

[11] See LSA-R.S. 17:416C(4)

[12] See LSA-R.S. 17:416C(5).

After review of the complaint herein and the applicable state law, the Court finds that plaintiffs cannot establish a likelihood of success on the merits of their due process claim.

In their complaint, plaintiffs admit that Scott received an expulsion notice and was subsequently called in for a hearing wherein a recorded statement was taken. Thus it is clear that, prior to a final determination by the Superintendent, Scott was given the opportunity to present his side of the story for consideration by the Superintendent. After Scott receives a final decision on his expulsion, Scott will and does have the right under the law, to appeal any adverse decision to the school board, and, if he is not satisfied with the school board's decision, Scott can proceed to the state district court for a review. The Court finds that LSA-R.S. 17:416 affords sufficient procedural due process. Although plaintiffs may disagree with the method employed by the Livingston Parish school system in the conduct of the due process hearing, they have failed to make even a prima facie showing that the procedure is violative of Scott's constitutional rights. Therefore, the Court concludes that plaintiffs have failed to establish a likelihood of success on the merits of their claim and, accordingly, the Court will deny their request for a temporary restraining order.

In addition to the foregoing, the Court also notes that plaintiffs have not shown what immediate harm will befall Scott if he is required to follow the administrative path set out in the Louisiana statutory scheme, why administrative remedies cannot be pursued, or why immediate court action is required for the relief he seeks.

Accordingly, for the above and foregoing reasons:

IT IS ORDERED that the Motion for Temporary Restraining Order filed by Ronnie L. Scott and Claudette Scott as administrators of the Estate of Najee Mandela Scott, is hereby DENIED.

Signed March 5, 2008 in Baton Rouge, Louisiana.

_____
**RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**